

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

August 2, 1965

Honorable J. M. Falkner
Banking Commissioner of Texas
Austin, Texas

No. C- 488

Re: Under the given factual
situation and the
provisions of the
Texas Trust Act,
is the bank in
question, as trustee,
prohibited from
depositing the
$37,500 in time
certificate deposits
in its own insti-
tution for a period
of more than one
year and related
questions.

Dear Mr. Falkner:

You have requested our opinion on certain questions
under the following relevant facts:

"As state chartered bank and trust company
has been named trustee under various trust inden-
tures which authorize the bank in its fiduciary
capacity, irrespective of any provision or part
of the Texas Trust Act, to invest in shares of a
savings and loan association located in the same
city and deposit money in the trustee bank. The
trustee is also given the right and is requested
to deposit the income from the trust estates in
the savings and loan associations to earn the
current rate of interest.

"The trustee bank has deposited with itself
on time certificates of deposit $37,500 which
has been so deposited for one year. Trustee
bank has also deposited with a savings and loan
association various savings accounts which form
part of the trust estates under specific author-
ization in the various trust indentures irrespective
of any provision of the Texas Trust Act. . . .

-2302-

"The bank's directors own 85.4% of the outstanding stock in the bank. The savings and loan directors own 97% of the outstanding stock in the savings and loan association. Directors of both the bank and the savings and loan association own 82.3% of the bank stock and 77.6% of the savings and loan stock."

Under the foregoing facts you have requested our opinion to the following questions:

1. Is the trustee bank prohibited from depositing the $37,500 in time certificate deposits in its own institution for a period of more than one year?

2. Is the trustee bank prohibited from making deposits of trust funds in savings accounts in the savings and loan association?

3. If question number 2 is answered in the affirmative, then if the savings and loan association increases its permanent reserve stock by selling shares of additional stock, would the trustee bank be prohibited from investing trust funds in such stock of the savings and loan association?

In some legal relationships, the fiduciary element is more intense than in others. It is peculiarly intense in the case of a trust. While this fiduciary relationship creates a number of duties, none is more fundamental than the duty owed by the trustee to the beneficiaries in the nature of the duty of loyalty. This duty is sometimes characterized as not permitting a trustee to place himself in a position where it would be for his own benefit to violate his duties to the beneficiaries. This duty of loyalty is based on a general principal of policy and morality which forbids a fiduciary from placing himself in a situation where there is or could be conflict between his self-interest and his duty to others. See Scott on Trust, § 170, Duty of Loyalty, et seq.

A number of states have expressly enacted statutes that set out the duty of loyalty in clear and unambiguous terms. In Texas, any deviation from this high degree of loyalty is expressly prohibited by Article 7425b-22, V.A.C.S., which provides:

" . . . but no act of the trustor shall relieve a corporate trustee from the duties, restrictions, and liabilities imposed upon it by Sections 10, 11, and 12 of the Texas Trust Act." (Emphasis added)

Neither can the beneficiary relieve the trustee of the prohibitions contained in Sections 10, 11 and 12 of the Texas Trust Act. See Article 7425b-23.

However, pursuant to Article 7425b-24 (E), Vernon's Civil Statutes, a court of competent jurisdiction may modify or entirely relieve any trustee from any or all of the duties, limitations and restrictions imposed upon him by the Texas Trust Act, to-wit:

"E. A court of competent jurisdiction may, for cause shown and upon notice to the beneficiaries, relieve a trustee from any or all of the duties, limitations, and restrictions which would otherwise be placed upon him by this Act, or wholly or partly release and excuse a trustee, who has acted honestly and reasonably, from liability for violations of the provisions of this Act." (Emphasis added)

Obviously, the principles which are applicable to a corporate trustee are equally applicable to corporations affiliated with it. By statutory definition, an affilliate is defined in Article 7425b-4(E) to mean:

". . . any person directly or indirectly controlling or controlled by the person, or any person under direct or indirect common control with another person . . ." (Emphasis added)

The aforementioned Sections 10, 11 and 12 of the Texas Trust Act, that are equally applicable to both the corporate trustee and any affiliate, are as follows:

"Art. 7425b-10. Loan of trust funds

"Except as provided in Section 11 of this Act, a corporate trustee shall not lend trust funds to itself or an affiliate (as defined herein), or to any director, officer, or employee of itself or of an affiliate; nor shall any noncorporate trustee lend trust funds to himself, or to his relative, employer, employee, partner, or other business associate.

"Art. 7425b-11.   Corporate trustee depositing trust
funds with self

"A corporate trustee may deposit with itself
trust funds which are being held pending invest-
ment, distribution, or to pay debts, provided it
maintains under control of its trust department
(if it has a trust department separate from its
banking department) as security for such deposit
a separate fund consisting of securities legal for
trust investments which have at all times dur-
ing the deposit a total market value equal to the
amount of the deposit.   No such security shall be
required to the extend said deposit is insured or
otherwise secured by or under state or federal law.
The separate fund of securities shall be marked
as such.   Withdrawals from or additions to it may
be made from time to time, as long as the required
value is maintained.   The income of such securities
shall belong to the corporate trustee.

"Art. 7425b-12.   Trustee buying from or selling to
self

"A trustee shall not buy nor sell, either di-
rectly or indirectly, any property owned by or
belonging to the trust estate, from or to itself
or an affiliate; or from or to a director, officer,
or employee of such trustee, or of an affiliate;
or from or to himself, a relative, employer, part-
ner or other business associate; provided a nation-
al banking association, or a state chartered bank
and trust company, or a state chartered trust company,
or a state chartered bank having trust powers,
or any other state chartered corporation having
the  right to exercise trust powers, when acting
or serving as executor, administrator, guardian,
trustee, or receiver, may sell shares of the capital
stock of itself so owned or held by itself, for any
estate, to one or more of its officers, stockholders
or directors, upon a court of competent jurisdiction
finding  that any such sale will be to the best interest
of the estate owning such shares; fixing or approving
the price to be paid therefor, and the terms of sale,
upon entering an order, decree or judgment, authorizing,
approving and directing such sale to be made; and
provided further that a corporate trustee, executor,

administrator, or guardian, <u>when authorized by will,</u>
<u>trust agreement, other trust instrument, or judicial</u>
<u>order, to retain its own capital stock in trust, may</u>
<u>exercise rights to purchase its own stock when in-</u>
<u>creases in its capital stock are offered pro rata</u>
<u>to stockholders; provided, more-over that such</u>
<u>exercise of rights, in the circumstances then pre-</u>
<u>vailing, shall be consistent with the judgment</u>
<u>and care which men of ordinary prudence exercise</u>
<u>in the management of their own affairs.</u>"
(Emphasis added)

In the absence of a court of competent jurisdiction
relieving the trustee bank of the provisions of Sections
10, 11 and 12, supra, it is the opinion of this office
that a corporate trustee, or affiliate, is absolutely
prohibited from disregarding the provisions of the Texas
Trust Act and must strictly comply therewith. Under these
restrictions, such a trustee may only deposit trust funds
with itself "<u>pending investment, distribution, or to pay</u>
<u>debts.</u>" We conclude, under the facts presented, that the
depositing of a sum in time certificate deposits for
more than one year would not fall within the aforesaid
permissive category of deposit. Such common ownership
of stock in the bank and savings and loan association as
set forth in your letter clearly demonstrates that the
savings and loan association is, by statutes, an affiliate
of the trustee bank for the purposes of the Texas Trust
Act. Therefore, the savings and loan association is
governed by the same restrictions as the trustee bank.
Thus, deposits of trust funds may only be made in the
savings and loan association "<u>pending investment, distribu-</u>
<u>tion, or to pay debts.</u>"

If the trust corpus originally contained shares of
stock of the affiliate, then the trustee can, if consistent
with the prudent man rule, purchase additional shares of
such stock when increases in said stock are offered on
a pro rata basis to all stockholders alike. If the trust
corpus did not originally contain such stock, then the
trustee is prohibited from purchasing shares of its affiliate's
stock for the trust.

It should also be observed that this question has
not arisen by virtue of any intentional wrongdoings by a
trustee bank or that any loss has resulted. In fact, the

numerous saving accounts are all in amounts less than the current insurance limit of liability of the Federal Savings and Loan Insurance Corporation. We also appreciate having the benefit of the full explanation of this matter and of your policies.

## S U M M A R Y

Article 7425b-22, V.C.S., provides that no act of the trustor shall relieve a corporate trustor from the restrictions, duties and liabilities imposed on it by Section 10, 11 and 12 of the Texas Trust Act.

However, a court of competent jurisdiction may modify or entirely relieve any trustee from any or all of the duties, limitations and restrictions imposed upon him by the Texas Trust Act.

In the absence of such judicial relief, it is our opinion that:

1. A trustee bank is prohibited from depositing trust funds in time certificate deposits in its own institution, unless such deposit is made "pending investment, distribution, or to pay debts."

2. The savings and loan association, under the stated facts, is an affiliate with the trustee bank, and as such is prohibited from having trust funds deposited in it except "pending investment, distribution or to pay debts."

3. The trustee bank may purchase additional shares of permanent reserve stock of the affiliate savings and loan association if the trust corpus originally contained shares of such stock, and the additional shares constitute increases in the capital stock offered pro rata to all stockholders.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

ROY B. JOHNSON
Assistant Attorney General

RBJ:nr

APPROVED BY:
OPINION COMMITTEE

W. V. Geppert, Chairman
James Strock
John Pettit
John Banks
Gordon Houser